# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| ANTOINE JOSHUA, | ) | |
| | ) | Case Nos. 1:20-cr-25; 1:23-cv-312 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

---

## MEMORANDUM OPINION

---

Before the Court is Petitioner Antoine Joshua's motion to vacate, correct, or set aside his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:23-cv-312; Doc. 67 in Case No. 1:20-cr-25.) For the following reasons, the Court will **DENY** Petitioner's motion.

## I.   BACKGROUND

On February 25, 2020, a grand jury returned a one-count indictment charging Petitioner with possessing with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. 1 in Case No. 1:20-cr-25.) On June 26, 2020, Petitioner filed a notice of intent to enter a plea (Doc. 19 in Case No. 1:20-cr-25), and on July 8, 2020, the Government filed a factual basis (Doc. 20 in Case No. 1:20-cr-25.) In summarizing the evidence against Petitioner, the factual basis states:

> On September 19, 2019, a search warrant was executed at [Petitioner's] residence in Chattanooga, Tennessee. Probable cause for the warrant was based upon two prior controlled purchases of fentanyl from [Petitioner] at his residence. Law enforcement seized four blue pills that lab testing confirmed contained fentanyl. . . . [Petitioner] agreed to talk to agents after being *Mirandized*. He admitted that he knew the pills contained fentanyl. He stated that he picked up fentanyl from an

Atlanta source on more than one occasion, each time getting 100 pills for $16 apiece, and that he resold the pills for $25 apiece in Chattanooga.

(*Id*.)  On August 5, 2020, United States Magistrate Judge Christopher H. Steger held a change-of-plea hearing, in which Petitioner, while under oath, affirmed that the Government's factual basis was accurate.  (Doc. 55 in Case No. 1:20-cr-25.)  Magistrate Judge Steger also specifically asked Petitioner whether he understood that the "sentence ultimately imposed by the district judge may be different from any estimate of the sentence that your attorney may have given you," and Petitioner responded affirmatively.  (*Id*. at 11.)

On December 4, 2020, the United States Probation Office disclosed Petitioner's revised presentence report.  (Doc. 34 in Case No. 1:20-cr-25.)  In calculating Petitioner's base offense level, the presentence report stated that Petitioner's offense involved at least 400 grams, but less than 1.2 kilograms of fentanyl.  (Doc. 34 in Case No. 1:20-cr-25.)  Specifically, the presentence report states:

> [Petitioner] is accountable for **no less than 814 grams of fentanyl**.  Based on DEA lab reports, the average weight of each pill was .11 grams of fentanyl.  As of September 19, 2019, a conservative estimate of the fentanyl pills [Petitioner] should be held accountable for is no less than 7,400 fentanyl pills.  This accounts for [Petitioner] obtaining 100 pills, at least twice weekly, for a period of 37 weeks (or from January 2019, until September 14, 2019).  As reflected in paragraph 14, [Petitioner reported obtaining 100 pills per trip, every two to three days.  As reflected in paragraph 16, his female customer reported purchasing pill from him for eight months.  As reflected in paragraph 17, one of his male customers reported purchasing pills multiple times from him for six months.  As reflected in paragraph 18, another male customer reported purchasing pills from him multiple times weekly, for a period of six months.

(*Id*. at 7–8.)  Petitioner's attorney objected to this base-offense level calculation, arguing that the presentence report's calculation of drug quantity was erroneous.  (Doc. 43 in Case No. 1:20-cr-25.)  At sentencing, the Court overruled Petitioner's objection to the calculation of his drug quantity (*see* Doc. 56, in Case No. 1:20-cr-25), and sentenced Petitioner to 138 months'

imprisonment, to be followed by three years of supervised release (Doc. 49 in Case No. 1:20-cr-25).

Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, again arguing that the Court erred in calculating the drug quantity attributable to him. (*See* Doc. 59 in Case No. 1:20-cr-25.)  The Sixth Circuit ultimately affirmed Petitioner's sentence, finding that the Court did not err in its drug-quantity determination.  (*Id*.)

On December 27, 2023, Petitioner filed the instant § 2255 motion.  (Doc. 1 in Case No. 1:23-cv-312; Doc. 67 in Case No. 1:20-cr-25.)  In his motion, he asserts that he received ineffective assistance of counsel at sentencing because his attorney should have made additional objections, including, among other things, that:  (1) his indictment was constructively amended to "include additional offenses not charged by information or indictment"; (2) the presentence report included "hypothetical and embellished drug attributions"; (3) he should only be sentenced based on the amount of fentanyl found in the seized pills; and (4) there are missing DEA and lab reports for confiscated pills.  (*See* Doc. 1 in Case No. 1:23-cv-312.)

## II.     STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).[1]

## III.   ANALYSIS

In his motion, Petitioner effectively continues to argue that the Court incorrectly calculated the drug quantity attributable to him and that he received ineffective assistance of counsel because his attorney should have made additional arguments in objecting to the drug-quantity calculation.  (*See generally*, Doc. 1, at 5–9.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of

---

[1] Additionally, in ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary.  "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b).  "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*  When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id.*

ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Additionally, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As the Sixth Circuit explained in affirming the Court's drug quantity calculation, "[a] drug quantity need only be established by a preponderance of the evidence, and an estimate will suffice so long as it errs on the side of caution and likely underestimates the quantity of drugs attributable to the defendant. (Doc. 59, at 3 in Case No. 1:20-cr-25 The Sixth Circuit further explained that:

> The district court did not err in its drug quantity determination. At sentencing, [Petitioner] conceded that he purchased from his supplier at least 200 pills per week, with each pill containing .11 grams of fentanyl. [Petitioner] argued that the evidence supported a finding that his drug distribution only spanned five months, but the district court found that the activity spanned at least six months based on statements from three of [Petitioner's] customers referenced in the presentence report that they had bought pills from [Petitioner for six to eight months. Those statements provide a sufficient basis for the district court's finding that [Petitioner's] drug distribution spanned at least six months. . . . And [Petitioner's] statement that he purchased from his supplier 100 pills every two to three days provided a sufficient basis for the district court's estimate that he distributed 200 pills per week during the six-month period.

(Doc. 59, at 3–4 in Case No. 1:20-cr-25.)

The Sixth Circuit expressly held that the Court did not err in calculating the drug quantity attributable to Petitioner. As a result, there is no merit to Petitioner's argument that his counsel's representation somehow fell below an objective standard of reasonableness by failing to argue that he should only be sentenced based on the amount of seized fentanyl found in seized pills,

that his presentence report included embellished drug attributions, or that his indictment was constructively amended to include crimes not originally charged. Additionally, although Petitioner generally alleges that there are missing "lab" and "DEA reports" for confiscated pills, he fails to explain how his counsel's conduct fell below an objective standard of reasonableness as it relates to this allegation or how there is reasonable probability that the result of the proceeding would have been different if counsel had pursued a different course of action as it relates to these allegedly missing reports. Petitioner has, therefore, failed to demonstrate that his attorney's conduct fell below an objective standard of reasonableness or that he was prejudiced by his attorney's decisions. Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV.     CONCLUSION

For the reasons stated herein, Petitioner' § 2255 motion (Doc. 1 in Case No. 1:23-cv-312; Doc. 67 in Case No. 1:20-cr-25) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**SO ORDERED**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**